**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50398 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-01430-BEN |
| v. | |
| BENITO ROBLES-DIAZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted August 15, 2018**

Before: FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Benito Robles-Diaz appeals from the district court's judgment and

challenges the 18-month sentence imposed following his guilty-plea conviction for

fraud and misuse of visas, permits, and other entry documents, in violation of 18

U.S.C. § 1546. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Robles-Diaz contends that the above-Guidelines sentence is substantively unreasonable because the circumstances of his case did not justify a sentence roughly one year longer than the sentence recommended by probation and the parties. The district court did not abuse its discretion in imposing Robles-Diaz's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Robles-Diaz's four alcohol-related driving convictions and his immigration history. *See Gall*, 552 U.S. at 51; *see also United States v. Gutierrez-Sanchez*, 587 F. 3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court."). Furthermore, contrary to Robles-Diaz's assertion, the district court used the correctly calculated Guidelines range as the starting point for its analysis, considered the relevant sentencing factors, and adequately explained the sentence. *See United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008) (en banc).

**AFFIRMED.**